IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION


ROMEJA EDWARDS, on behalf of
S.J.E.,                              :

    Plaintiff,                    :

vs.                                   :
                                   CIVIL ACTION 10-0449-WS-M
MICHAEL J. ASTRUE,                    :
Commissioner of
Social Security,                      :

    Defendant.                    :

REPORT AND RECOMMENDATION


The Motion to Dismiss filed by Defendant (Doc. 11) has been referred for report and recommendation under 28 U.S.C. § 636(b)(1)(B). Jurisdiction has been invoked in this Court under 42 U.S.C. § 405(g). After consideration, it is recommended that Defendant's Motion to Dismiss be **GRANTED**.

Plaintiff seeks judicial review of an adverse social security ruling which denied a claim for Supplemental Security Income (Doc. 1). Defendant moved to dismiss the action, claiming that it is barred because Edwards did not file the action in a timely manner (Doc. 11). Plaintiff has responded to the motion (Doc. 13) to which Defendant has replied (Doc. 15).

The Social Security Act, at 42 U.S.C. § 405(g), provides

1

for judicial review of the Secretary's final decision if the action is commenced within sixty days from receipt of the Appeals Council's letter notifying a claimant of an adverse decision. An additional five-day period is provided for mail service. 20 C.F.R. § 422.210(c) (2010).

In this action, the Appeals Council letter is dated May 27, 2010 (Doc. 11, Declaration Exhibit 2). The sixty-five-day period ended, therefore, on Saturday, July 31, 2010; as the Court was closed that day, Plaintiff would have been given until Monday, August 2, 2010. *See* 42 U.S.C. § 416(j).[1] The complaint is date-stamped in this Court on August 20, 2010, eighteen days after the period for commencing review had expired (Doc. 1). Although the sixty-day time period is a statute of limitations which may be waived, it has not been waived in this action (Doc. 11). *See Shows v. Department of Health and Human Services*, 740 F.2d 891 (11th Cir. 1984).

Plaintiff asserted, in the Complaint, that the action was

---

[1] "Where this title, any provision of another law of the United States relating to or changing the effect of this title, or any regulation issued by the Secretary pursuant thereto provides for a period within which an act is required to be done which affects eligibility for or the amount of any benefit or payment under this title or is necessary to establish or protect any rights under this title, and such period ends on a Saturday, Sunday, or legal holiday, . . . then such act shall be considered as done within such period if it is done on the first day thereafter which is not a Saturday, Sunday, or legal holiday or another day all or part of which is declared to be a nonwork day for Federal employees by statute or Executive order."

timely filed (Doc. 1).  In the response, however, Edwards's attorney admits the tardiness but states the following:

> The undersigned had a medical procedure involving radiation treatment the week prior to August 12, 2010, which radioactive status caused her to be out for over a week.  This in turn caused her to be unable to harass her illiterate client regarding consent to proceed and completion of certain IFP documents.  This should be considered mitigating circumstances.

(Doc. 13, pp. 1-2).  The attorney also asserted that she had requested an extension of time from the Appeals Council on August 12, 2010, but had never received a reply (Doc. 13, p. 1).

In *Bowen v. City of New York*, 476 U.S. 472 (1986), the U.S. Supreme Court discussed the tolling of the sixty-day limitations period and noted that Social Security regulations allowed the Commissioner to grant extensions of time to file a complaint for various reasons, including illness, accident, misunderstanding, and at times when the Social Security Administration had "misled" the claimant, among other things.  *Bowen*, 476 U.S. at 480 n.12; *see also* 20 C.F.R. § 404.911.  The Supreme Court went on to hold that "cases may arise where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'"  *Bowen*, 476 U.S. at 480 (*quoting Mathews v. Eldridge*, 424 U.S. 319, 330 (1976)).

The Social Security Administration has provided for equitable tolling in circumstances where a claimant can show good cause for failing to meet a deadline. This Court finds that Plaintiff has not established good cause for her failure to timely file this action. Even though an extension was sought from the Appeals Council, it was pursued ten days too late; the attorney's medical procedure, likewise, came after the deadline.

Therefore, it is recommended that Defendant's Motion to Dismiss be granted (Doc. 11), that this action be dismissed, and that judgment be entered in favor of Defendant Michael J. Astrue and against Plaintiff Romeja Edwards, on behalf of S.J.E.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1. **<u>Objection</u>**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. <u>See</u> 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served

4

with a copy of the recommendation, unless a different
time is established by order.  The statement of
objection shall specify those portions of the
recommendation to which objection is made and the
basis for the objection.  The objecting party shall
submit to the district judge, at the time of filing
the objection, a brief setting forth the party's
arguments that the magistrate judge's recommendation
should be reviewed *de novo* and a different disposition
made.  It is insufficient to submit only a copy of the
original brief submitted to the magistrate judge,
although a copy of the original brief may be submitted
or referred to and incorporated into the brief in
support of the objection.  Failure to submit a brief
in support of the objection may be deemed an
abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 31st day of January, 2011.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE

5